IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| STEVEN STANTON, *et al* | § | CASE NO: 05-91230 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| TEMECULA VALLEY BANK | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3309 |
| | § | |
| STEVEN STANTON, *et al* | § | |
|     Defendant(s) | § | |

## **MEMORANDUM OPINION**

The Defendants have filed a motion for stay pending appeal and requested that the Court establish a supersedeas bond. By separate order, the Court has issued a stay pending appeal, conditioned on the posting of a supersedeas bond in the amount of $427, 288.70.

Temecula and the defendants disagree as to whether this Court's judgment is a monetary judgment. Both parties rely on Judge Jones' opinion in *In re Texas Equip. Co., Inc.,* 238 B.R. 222 (Bankr. N.D. Tex. 2002). That opinion sets forth that:

> No precise definition of a money judgment exists. The Fifth Circuit has held that the real issue is not whether the judgment is a money judgment, but whether the judgment involved is monetary or nonmonetary.

*Id*. at 226.

In reviewing the case law, the Court has concluded that the distinction that must be drawn is whether the judgment entitles the Plaintiff to relief that is obtained other than through the payment of money. For example, a judgment vesting the plaintiff with title to real estate is a non-monetary judgment. *Id.* However, a declaratory judgment—although not a money judgment—may entitle a Plaintiff solely to a monetary result. If so, it is considered a money judgment for the purposes of appeal. *Hebert v. Exxon Corp.,* 953 F.2d 936, 939 (5th Cir. 1992).

This Court denied the Defendants' discharge. Insofar as the Defendants' obligation to Temecula Bank, this Court's judgment is a determination that the defendants' obligations to Temecula Bank are not discharged. Without the declaration denying discharge, Temecula's judgment could not be collected With the judgment, Temecula is entitled to collect money from the defendants. Under controlling Fifth Circuit authority, this Court's judgment is a money judgment and the defendants have the right to supersede the judgment.

However, the defendants request that the Court stay the enforcement of the judgment without the requirement of a bond. Their argument is that the Court should establish a bond based on the value of the property that secures the debt. That argument fails.

Temecula Bank's underlying judgment is a money judgment. It is collateralized. The amount of a supersedeas bond for a money judgment is not determined by the value of the collateral and its potential decline in value. Instead, it is determined by the amount of the judgment.

The Defendants ask this Court to rely on *Texas Equipment* and on *In re Burkett,* 279 B.R. 816 (Bankr. W.D. Tex. 2002) for the proposition that the supersedeas bond should serve the same function as adequate protection would in a bankruptcy case. *Texas Equipment* is inapposite. The Court in *Texas Equipment* determined that its judgment was a non-monetary judgment. As set forth above—and as argued by the Defendants—the judgment in this case is a money judgment for the purposes of appeal. *Burkett* is also not helpful to the Defendants. In *Burkett,* the Court evaluated the amount required to protect against injury for a non-monetary judgment. The judgment in *Burkett* concerned whether the debtor's homestead was exempt or not exempt. In essence, the judgment was one awarding title to real property. *Id.*

The Defendants have not set forth any authority that directs the Court to set a supersedeas bond for less than the amount of the money judgment. The Fifth Circuit has held as follows:

> The predecessor to present Fed. R. Civ. P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule. *Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94 (S.D.N.Y.1970), *Aff'd*, 515 F.2d 173 (2d Cir. 1975); C. *Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F.Supp. 501 (E.D.Pa.1973); 9 Moore's Federal Practice P 208.05 at 1418 (2d Ed. 1969). The nature of the bond's dual protection role requires that these conditions normally be imposed.
>
> If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

*Poplar Grove Planting And Refining Co., Inc., v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189 (5th Cir. 1979).

The only arguments raised by the Defendants with respect to an adjustment in the amount

of the supersedeas bond are that (i) the bond should be measured by the value of the collateral; and (ii) Temecula will not be harmed by the stay. The Defendants provide no authority that the Court should look to the value of the collateral in establishing the amount of a supersedeas bond for a money judgment and the Court is aware of no such authority.

With respect to the possible harm to Temecula, the Court issued an order directing the Defendants as follows:

> Defendants must file a supplement to the motion for stay that sets forth a specific amount of proposed adequate protection for the Plaintiff from the Defendants' use of Temecula's collateral and the reasoned basis as to why the amount of proposed protection is adequate. The purpose of the bond is to protect Temecula; the Court will not establish the bond based merely on the Defendants' inability to pay.

The response filed by the Defendants is inadequate. Defendants admit that they are using Temecula's cash collateral, admit that they are using the non-cash collateral, and offer no amount of protection to Temecula.

Indeed, the Defendants' arguments are unique in the context of Fifth Circuit authority. The normal burden on a defendant is to demonstrate that the defendant has such a strong ability to pay that no bond should be required. *Id.* at 1191.

Although not argued by either party, the Court recognizes that it might be appropriate to set the bond amount with reference to state law. Fed. R. 62(f) as made applicable by Fed. R. Bankr. P. 7062. As an alternative basis for this ruling, the Court references Texas law because the underlying money judgment was issued by the 11th Judicial District Court of Harris County, Texas.

Rule 24.2 of the Texas Rules of Appellate Procedure requires that a bond be set in the amount of the judgment, with interest for the estimate duration of the appeal and costs awarded in the judgment. Assuming a two year appellate period and a 10% interest rate, this amount totals $427,288.70. Rule 24.2 does provide for the possibility of an alternative bond amount. However, the Defendants have not filed the appropriate affidavits to invoke any alternative amount.

A separate order is issued simultaneously with this memorandum opinion.

SIGNED **March 8, 2007**.

MARVIN ISGUR
United States Bankruptcy Judge